1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KIRK A. BRENON,

                              Plaintiff,

        v.

NANCY LEDGERWOOD, et al.,

                              Defendants.

CASE NO. C14-1073-RSM-MAT

ORDER RE:  PLAINTIFF'S MOTION
FOR COURT ORDER

Plaintiff Kirk Brenon proceeds *pro se* and *in forma pauperis* (IFP) in this civil rights action pursuant to 42 U.S.C. § 1983.  He raises challenges in this lawsuit associated with his medical treatment at the King County Jail, and names nurses Nancy Ledgerwood, Glenn Lirman, David Doe, and Elain Henriksen as defendants.

Plaintiff filed a Motion Requesting Court Order.  (Dkt. 16.)  He seeks an Order directing the King County Prosecutor's Office or the King County Department of Adult and Juvenile Detention (DAJD) to provide him with (1) the use of a laptop to view digitally stored documents he has requested from Public Health of Seattle and King County, (2) downloaded copies of court rules, and (3) paper, envelopes, and legal tablets.  Defendants oppose plaintiff's request, asserting the Court lacks jurisdiction over non-parties King County Prosecutor's Office and

ORDER
PAGE - 1

DAJD, and stating that plaintiff has access to the materials needed to pursue his claims in this matter. (Dkt. 18.)

Having now considered the motion and defendants' response, the Court finds and concludes as follows:

(1)    Defendants attest that plaintiff was provided with a pro se supplies and information packet upon his designation as a pro se inmate by DAJD, has access to a computer on which he can conduct legal research, including research into court rules, and may purchase additional supplies from the commissary.   (*See* Dkts. 18 & 20.)   Also, while he may secure use of a laptop where he receives a discovery request in electronic form not capable of being printed out in paper form (*see id.*), plaintiff's document request is not related to discovery (Dkt. 19) and he concedes his ability to obtain the documents at issue in paper form, albeit at greater expense (Dkt. 16 at 2).

The Court finds no basis for granting plaintiff's request.  Plaintiff's IFP status does not exempt him from paying for litigation expenses.  28 U.S.C. § 1915(a), (d) (permitting only the waiver of prepayment of filing and service of process costs for IFP litigants); *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989) ("'[T]he expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress. . . .'"; "Although the plain language of section 1915 provides for service of process for an indigent's witnesses, it does not waive payment of fees or expenses for those witnesses.") (quoting *United States v. MacCollom*, 426 U.S. 317, 321 (1976)).  Nor do defendants have an obligation to furnish plaintiff with the requested materials.  *Cf. Rivera v. DiSabato*, 962 F. Supp. 38, 40 (D.N.J. 1997) (denying request for free deposition transcript; "[P]laintiff's obligation, even as an indigent litigant, to finance his own litigation expenses cannot be arbitrarily thrust upon defendants.").   Plaintiff's Motion

ORDER
PAGE - 2

Requesting Court Order (Dkt. 16) is, for these reasons, DENIED.

(2)    The Clerk is directed to send a copy of this Order to plaintiff, counsel for defendants, and to Judge Martinez.

DATED this <u>17th</u> day of November, 2014.


Mary Alice Theiler
Chief United States Magistrate Judge

ORDER
PAGE - 3