1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
8                                    AT SEATTLE

9  KIRK A. BRENON,

10                          Plaintiff,              CASE NO. C14-1073-RSM-MAT

11          v.

12  NANCY LEDGERWOOD, et al.,                       ORDER REGARDING: PENDING
                                                   MOTIONS
13                          Defendants.

14

15          Plaintiff Kirk Brenon, proceeding *pro se* and *in forma pauperis* in this civil rights action,

16  filed a Motion to Modify Discovery and Scheduling Order (Dkt. 32) and Motion to Stay (Dkt.

17  33).  Defendants object to the requested stay.  (Dkt. 38.)  Now, having considered the pending

18  motions and defendants' response, the Court finds and concludes as follows:

19          (1)     Plaintiff requests modification of the March 6, 2015 discovery deadline

20  previously set in this case.  (*See* Dkt. 32.)  The Court, however, struck both the discovery and

21  dispositive motion deadlines then pending in this case when it granted plaintiff's motion to file

22  an amended complaint.  (*See* Dkt. 29.)  As indicated in the Order granting the motion to amend,

23  the Court will reset the deadlines following receipt of defendants' Answer to the Second

ORDER
PAGE - 1

Amended Complaint.  (*Id*. at 6.)  Because there are no discovery or other deadlines currently pending in this case, plaintiff's Motion to Modify Discovery and Scheduling Order (Dkt. 32) is hereby STRICKEN as moot.

(2)     Plaintiff also requests a 180-day stay of these proceedings pending resolution of state court criminal matters, and his transfer and placement in a permanent housing location within the Washington State Department of Corrections.  (*See* Dkt. 33 and Dkt. 40.)  He points to outstanding criminal matters pending in Pierce and King Counties, including a King County criminal trial currently scheduled for April 20, 2015 (*see* Dkt. 39, ¶2), and avers his inability to effectively pursue this case while he is transferred to and from different correctional facilities in relation to his criminal matters.

A district court has discretion to stay proceedings in its own court.  *Landis v. North American Co*., 299 U.S. 248, 254 (1936).  In evaluating a request for a stay, the court considers the competing interests at stake, including the possible damage which may result from a stay, the hardship or inequity a party may suffer in being required to go forward, and "the orderly course of justice measured in terms of simplifying or complicating the issues, proof, and questions of law which could be expected to result from a stay."  *Lockyer v. Mirant Corp*., 398 F.3d 1098, 1110 (9th Cir. 2005).  "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997).  *See also Landis*, 299 U.S. at 255  (party seeking "a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to [someone] else.")

It should first be noted that plaintiff chose to initiate this lawsuit while in custody pending resolution of his criminal charges.  Plaintiff, moreover, fails to establish a need for the requested stay.  There are, as stated above, no pending deadlines in this matter.  Should it be

ORDER
PAGE - 2

required, plaintiff may seek extensions of time to respond to any future deadlines.  Plaintiff can further advise the Court of any changes in his location, and counsel for defendants attest to the ability to verify plaintiff's location before sending any future motions or other materials to him. (*See* Dkt. 39.)  Under these circumstances, the Court finds no justification for the stay requested by plaintiff.  Plaintiff's Motion to Stay (Dkt. 33) is, therefore, DENIED.

(3)     The Clerk is directed to send copies of this Order to the parties and to the Hon. Ricardo S. Martinez.

DATED this 1st day of April, 2015.


Mary Alice Theiler
United States Magistrate Judge

ORDER
PAGE - 3